FILED
2014 Jul-31 PM 03:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VIRGINIA COLLEGE, LLC, and EDUCATION CORPORATION OF AMERICA, | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) Case No.: 2:14-cv-01187-SGC ) |
| NATIFRACURIA DANIELS, | ) ) ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMEDNATION

On June 20, 2014, petitioners, Virginia College, LLC ("Virginia College"), and Education Corporation of America (together, "Petitioners"), filed a petition ("Petition") seeking confirmation of an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"). (Doc. 1). Because the FAA does not confer federal subject-matter jurisdiction, and because the Petition did not sufficiently allege the existence of federal jurisdiction, the undersigned ordered Petitioners to show cause why this matter should not to be dismissed. (Doc. 7). Specifically, the allegations regarding the citizenship of two parties were inadequate to determine whether federal diversity jurisdiction existed. (*Id.*). In response to the order to show cause, Petitioners filed an amended petition ("Amended Petition") clarifying the citizenship of the parties. (Doc. 8). Review of the Amended Petition reveals Petitioners have pled facts sufficient to invoke

federal diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 8). Having settled the jurisdictional inquiry, the undersigned concludes the Amended Petition is due to be granted and the arbitration award is due to be confirmed.

Petitioners seek confirmation of an arbitration award which denied all claims brought against Petitioners by Respondent, Natifracuria Daniels ("Daniels"). (Doc. 8 at 3). The Petition also seeks the "costs and disbursements of this proceeding." (*Id.* at 4). On June 24, 2014, Petitioners perfected service on Daniels by personally serving her grandmother at Daniels's residence in Jackson, Mississippi. (*See* Doc. 5). Daniels has not answered or otherwise appeared, and after the time for Daniels to answer had expired, Petitioners moved the undersigned to grant the Petition. (Doc. 6).

Daniels attended Virginia College, where she pursued an associate degree in surgical technology. (*See* Doc. 8-1 at 1). On November 30, 2009, Daniels signed an enrollment and tuition agreement, which set out the obligations between herself and Virginia College. (*Id.* at 5). The agreement included an arbitration clause under which all disputes were to be arbitrated in Birmingham, Alabama. (*Id.* at 3). The arbitration clause also stated any arbitration award could "be entered in any court of competent jurisdiction to enforce it." (*Id.*).

On July 19, 2013, Daniels filed a demand for arbitration in which she sought $100,000 in damages. (Doc. 8-2). Daniels alleged she was unable to find work as

a surgical technician, due to Virginia College's failure to properly educate her.  (*Id.* at 3-4).  On June 4-5, 2014, an arbitrator conducted a final hearing in Birmingham.  (*See* Doc. 8 at 3; Doc. 8-3 at 2).  On June 12, 2014, the arbitrator issued an award, denying Daniels's claims in their entirety and taxing costs as paid.  (Doc. 8-3 at 2).

> The Federal Arbitration Act ("FAA") provides:
>
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. . . .

9 U.S.C. § 9.  Under the FAA, a court hearing a petition to confirm an arbitration award "has no discretion and must confirm an arbitration award unless the opposing party presents grounds for vacating, modifying, or correcting it."  31 MOORE'S FEDERAL PRACTICE 3d § 908.03[1] (citing *Hall Street Assocs., LLC. v. Mattel, Inc.,* 552 U.S. 576, 587 (2008).

Because Daniels has not responded to the Petition, the arbitration award is due to be confirmed.  Additionally, independent review of the arbitration award reveals no reason why it should be disturbed under sections 10 or 11 of the FAA.  For the foregoing reasons, the undersigned **RECOMMENDS** that the Amended

Petition be **GRANTED** and the arbitration award be **CONFIRMED**. However, because Daniels does not appear to have attempted to disturb the arbitration award, Petitioners are not entitled to costs. Accordingly, the undersigned further **RECOMMENDS** that costs be taxed as paid.

### Notice of Right to Object

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any facts or legal arguments also must be included. Failure to do so will bar any later challenge or review of the magistrate judge's factual findings or legal conclusions. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140(1985), *reh'g denied*, 474 U.S. 1111 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

To challenge the magistrate judge's factual findings or legal conclusions, a party must file with the clerk of the court written objections specifically identifying the factual findings or legal conclusions to which objection is made and the specific basis for objection. A copy of the objections must be served on all other parties to the action.

On receipt of objections meeting the foregoing specificity requirement, a district judge shall make a *de novo* determination of those portions of the report

and recommendation to which objection is made and may accept, reject, or modify in whole or in part, the magistrate judge's factual findings or legal conclusions. The district judge, however, need conduct a hearing only in his or her discretion or if required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions. Objections not meeting the foregoing specificity requirement will not be considered by a district judge.

A party may not appeal a magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to mail a copy of this report and recommendation to Daniels at the address provided on the Summons. (Doc. 2).

**DONE** this 31st day of July, 2014.

_Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE